ANTONIO BRUNI v. THE STATE.

No. 7384.　Decided March 14, 1923.

Rehearing Denied April 11, 1923.

**1.—Robbery—Newly Discovered Evidence—Motion for a New Trial.**

Where, upon appeal from a conviction of robbery, the appellant asked for a new trial based on the ground of newly discovered evidence, but the record showed that he had not brought himself within the rule, the same was correctly overruled.

**2.—Same—Co-defendant—Newly Discovered Evidence.**

Where appellant sought to obtain a new trial in order to avail himself of the testimony of the co-defendant, who had been acquitted, but did not bring himself within the rule by showing that the testimony of the co-defendant was material and would aid him in securing his acquittal, the same was correctly overruled.

**3.—Same—Rehearing—Continuance.**

Where appellant, upon motion for rehearing, complained of the refusal of the request to postpone or continue the case *held,* that for the reason that the same called for no affirmative action on the part of the trial court, its refusal to postpone or continue was not reversible error.

Appeal from the District Court of Bexar.  Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of robbery; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Engel and Will A. Morriss* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bexar County of robbery, and his punishment fixed at fifteen years in the penitentiary.

There is but one bill of exceptions in the record and it presents the question of the refusal of appellant's motion for new trial based on the ground of newly discovered evidence.  Briefly, the testimony in this case shows without dispute that on the night in question a service car driver named Vega drove a car in which were appellant, Harkleroad, the injured party, two women and a man named Jones, out some eighteen miles south of San Antonio on the Corpus Christi Road to a point just beyond the little town of Elmendorf.  Here the car was turned back toward San Antonio, stopped, the two women and Jones got out of same and walked back up the road toward San Antonio, leaving Vega, appellant and Harkleroad at the car.  Shortly thereafter the car came on up the road, overtook and picked up Jones and the women.  Vega and appellant were the only parties in the car when it overtook the others.  The next morning Harkleroad reported to the officers of San Antonio that he had been assaulted and robbed and left on the side of the road at the point where said car stopped the night before.  Appellant, Jones and Vega were separately indicted for the robbery.  When arrested appellant denied having been with the party, and later, after being identified by the two women and statements made as to his presence on the night in question, he gave to the officer taking such statements certain money which the latter turned over to Harkleroad.  Harkleroad testified positively that appellant assaulted him at the time and place mentioned, and after such assault that appellant, aided by Vega, robbed him of certain property.

It appears from the record that no application for severance was made on behalf of appellant.  It also appears that after indictment Jones made bond and had fled the country.  Vega's case was called for trial prior to that of appellant and upon his failure to appear the bond of Vega had been forfeited.  It also appears that prior to the trial appellant had written from the jail a letter to the district judge urging a speedy trial.  When the case was called without any objection or preliminary motion, appellant announced ready for trial and

his conviction resulted. It also appears that while his trial was in progress Vega was rearrested and this fact placed in evidence by the testimony of a witness. No effort to use Vega as a witness, or a tender of his testimony, or to postpone appellant's trial after Vega's rearrest, was made. It further appears that shortly after appellant's trial, Vega was tried and acquitted.

Alleging that Vega's testimony was now available to him, and also setting up as newly discovered testimony that one Martinez would give evidence in his behalf, appellant asked a new trial, accompanying his sworn application by the affidavits of Vega and Martinez. The State controverted the motion, claiming that the testimony of both Vega and Martinez, as reflected by their affidavits and as further evidenced by a certified copy of the testimony of Vega as given upon his trial, was not only of no avail to appellant if granted a new trial, but that same entirely supported the State's theory of appellant's guilt. Neither the testimony of Martinez nor Vega appears to be newly discovered. Vega's testimony was necessarily known to appellant, and that of Martinez and its materiality appearing to have been disclosed to appellant during his trial without effort on his part to obtain it, it can in nowise be brought within the rules governing newly discovered testimony.

Appellant's effort to obtain a new trial in order to avail himself of the testimony of Vega, is based on the rule announced by the authorities cited in Mr. Branch's Ann. P. C., Sec. 733, and on page 788 of Mr. Vernon's Code of Criminal Procedure, giving to one accused of crime the right to a new trial in order to obtain the testimony of an acquitted codefendant. It is well settled that this rule is not absolute but it must be made to appear that the testimony of the acquitted codefendant would be both competent and material, and that it would aid the accused in securing his acquittal. The State, as above mentioned, attached to its traverse of appellant's motion the stenographic report of the testimony of Vega as given by him upon his own trial, same being in substantial accord with the facts reflected by Vega's affidavit appended to appellant's said motion. As we view this testimony it could only go to show that the robbery of Harkleroad was perpetrated by appellant alone. Vega swears that at the point where he turned the service car around and stopped, and the women and Jones got out of the car, that they walked off up the road and that he, Vega, went around to examine the radiator which had gotten hot. He further testified that appellant and Harkleroad went around back of the car, and that it was about 11:30 P. M., and he, being occupied with the radiator of his car, did not see what transpired between appellant and Harkleroad back of the car. That presently some one told him to come on, let's go and that he got in his car and started out and picked up Jones and the women and came on to town. He said that when he got into town appellant paid him six dollars for the use of the car and at the same time

handed him a watch asking him to keep it until he came for it. This was shown to be Harkleroad's watch. If there is anything in this testimony helpful to appellant or in any way compatible with his innocence, we fail to perceive it. Testing appellant's application for new trial by the rule laid down in the authorities above referred to, we are led to believe the action of the trial court in refusing said motion, to be correct.

This disposes of the only question raised by appellant, and being unable to agree with his contention, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1923.

LATTIMORE, Judge.—Appellant urges a rehearing. We did not discuss his complaint of the refusal of a request to postpone or continue the case in our original opinion, for the reason that same called for no affirmative action on the part of the trial court, and its refusal was manifestly not error.

It appears from appellant's application that he had been confined in jail an ample time in which to obtain counsel by the use of diligence, and it was averred that he had obtained counsel who had subsequently declined to go further with his case. The parties whom he states that he desired to have present, were only those who had been implicated in the crime and were under indictment therefor, and some of whom were fugitives from justice. The attitude of Vega was fully discussed in our original opinion. The matters of contradiction of the prosecuting witness Harkleroad, which are referred to in the motion for rehearing, and which were part of the alleged newly discovered testimony,—were as to minor matters and seem of small importance in determining the guilt or innocence of the appellant. The testimony of Vega, the service car driver, for whose newly discovered testimony mainly a new trial was sought, has again been considered, but we fail to discover such favorable facts therein as impress us that likely on another trial with such testimony available, a different result might be attained. It is not claimed for either the State or appellant that Harkleroad was robbed while in the car driven by Vega and occupied by the other parties, before it reached the point near Elmendorf where it stopped and turned around. All of the witnesses agree that at this point Jones and the two women in the car alighted and walked down the road in the direction of San Antonio and that no one was left at the car save Vega, appellant and Harkleroad. Neither does any witness dispute the fact that when the car started back from said point to San

Antonio, Harkleroad was not in it. Vega having testified fully that he did not participate in the robbery of Harkleroad, and that he did not know the latter was not in the car when he left the place where said stoppage took place, we do not deem the minor matters in regard to the bumper of the car and other contradictions of the testimony of the prosecuting witness, of such materiality as could likely have affected the result. Vega swore that when he got back to San Antonio, after appellant paid him and gave money to the women who were in the party, that then Jones handed him the watch which was later identified as that of Harkleroad, and that Jones and appellant then left together.

We are unable to agree with the contentions of appellant in the motion and same will be overruled.

*Overruled.*